# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 10, 2013

## DEAN HEATH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 10-02252    Mark Ward, Judge**

_____

**No. W2013-00181-CCA-R3-CO - Filed January 27, 2014**

_____

Petitioner, Dean Heath, filed a petition for writ of error coram nobis concerning his convictions in the Shelby County Criminal Court for first degree murder with a sentence of life imprisonment and for especially aggravated robbery with a sentence of 25 years to be served concurrently with the life sentence. The petition was dismissed without an evidentiary hearing, and Petitioner appeals. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Dean Heath, Henning, Tennessee, _Pro Se._

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Ray Lepone, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In his coram nobis petition, Petitioner asserts that he is mentally disabled with an intelligence quotient (I.Q.) of 67 or 68. He asserts that after the convictions he discovered "new evidence" that was "not known" by Petitioner at trial. He repeatedly alleges in his petition that the previously "unknown evidence" is the content of Tennessee Code Annotated section 39-13-203, more specifically subsection (b) thereof which states:

> (b) Notwithstanding any provision of law to the contrary, no defendant with intellectual disability at the time of first degree murder _shall be sentenced to death_. (emphasis added)

Tennessee Code Annotated section 39-13-203(a) defines "intellectual disability" as:

(1)     Significantly subaverage general intellectual functioning as evidenced by a functional intelligence quotient (I.Q.) of seventy (70) or below;

(2)     Deficits in adaptive behavior; and

(3)     The intellectual disability must have been manifested during the development period, or by eighteen (18) years of age.

Among the assertions in his petition for coram nobis relief are the following:

(1)     "The evidence is not sufficient to support the convictions because [Petitioner] was [intellectually disabled] as defined in T.C.A. § 39-13-203(a)."

(2)     "Due to the violation of the statutes, the judgment [should] be set aside and the petitioner [should] be granted a new trial *because the discovery of T.C.A. § 39-13-203*, is a substantial factual error not appearing in the record. . ." (emphasis added)

(3)     "The statute new evidence [sic], if presented to the jury, 'may have' resulted in a different outcome because petitioner was not 'well-aware' of the statute prior to trial and that's [sic] 'new law.'"

(4)     "The verdicts [were] not render[ed] with 'absolute fairness' and impartiality as justice and truth dictate because the 'jury' was not well-aware [sic] of T.C.A. § 39-13-203, new evidence regarding petitioner['s] intellectual disability."

In its order dismissing the coram nobis petition the trial court stated,

The Petition is dismissed without an evidentiary hearing for the following reason[ ]: [ ] The petition does not allege any "newly discovered evidence." There is no evidence that has been "newly discovered" and becoming aware of a statute that has no application in a non-death penalty case has no bearing on this matter.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED
that the Petition for Writ of Error Cram Nobis is hereby denied.

**Analysis**

First, we note that Petitioner is relying upon language in a statute, Tennessee Code Annotated section 39-13-203, which applies only to imposition of the death penalty and has nothing to do with Petitioner's convictions. For that reason alone the trial court's judgment can be affirmed. Furthermore, "discovery" by a defendant of a statute he was not aware existed at the time of his trial is not a valid basis for coram nobis relief. The procedure and requirements for obtaining coram nobis relief are set forth in Tennessee Code Annotated section 40-25-105(a) and (b) as follows:

> **§ 40-26-105. Writ of error coram nobis.**
>
> (a) There is made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. Notice of the suing out of the writ shall be served on the district attorney general. No judge shall have authority to order the writ to operate as a supersedeas. The court shall have authority to order the person having custody of the petitioner to produce the petitioner in court for the hearing of the proceeding.
>
> (b) The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Petitioner's claimed late discovery of Tennessee Code Annotated section 39-13-203, even if its provisions were applicable to his case, is not newly discovered evidence as contemplated by the statute authorizing coram nobis relief. *See Philander Butler v. State*, No. W2012-01512-CCA-R3-CO, 2013 WL 1282313, at *5 (Tenn. Crim. App. March 28,

2013) ("This court has held that a petitioner's own fresh understanding of the law is not newly discovered evidence in this context.").

The trial court did not err by dismissing the petition for coram nobis relief. Accordingly, the judgment of the trial court is affirmed.

_____

THOMAS T. WOODALL, JUDGE